Judge Owsley
delivered the opinion of the court.
This was an ejectment brought by Gregg, to recover the possession of two lots of ground in the town of German town.
Gregg claimed the lots under the trustees of the town, and on the trial in the circuit court, produced in evidence a *455 deed from the trustees to John Morford, and a deed from Morford to George Dawson, a deed from Dawson to John M’Nitt, and a deed from James M’Nitt, and William Allin, and his wife Elizabeth, late Elizabeth M’Nitt, to Gregg, and proved that James M’Nitt and Elizabeth Allin, who intermarriad with William Allin, were the children and heirs of John M’Nitt.
To the reading in evidence of this latter deed M’Clain objected, on the ground of its not being regularly recorded, but it appearing that the subscribing witness lived out of the state, the deed was permitted to be proven by the grantor James M’Nitt, and used in evidence. It was also proven on the part of the plaintiff in that court, that the lots in question were included by the deeds, and that the requisitions of the act regulating the conveyance of lots by the trustees of the town had been complied with, and read the act on that subject to the jury, as contained in 1. Littell, 653. That act provides, that the purchasers of lots, in the town of Germantown, in the county of Mason, who shall, thereafter, receive deeds of conveyance from the trustees thereof, shall hold the land against Philemon Thomas, and his heirs, or any other person whatever: provided, nevertheless, that the said Philemon Thomas, previous to the making any such conveyances, shall enter into bond with one or more securities to the trustees, in the penalty of l. 2000, conditioned for the payment of the amount of such sales, with interest to any person who shall thereafter establish a more legal or equitable title to said land—this act passed 27th February, 1797. The plaintiff also proved that Thomas claimed the land on which the town was laid off, under the patent of John May and John Tabb, for 18000 acres The defendant in that court, then produced the patent of May and Tabb, and which was admitted to include the lots in contest, and proved the lots had been claimed for the last 24 years, as part of May’s and Tabb’s patent, and that John M’Nitt, through whom Gregg claims, was the first in possession, and that the defendant also claimed under him, and that all the town lots were claimed under that patent, and under Thomas, through the trustees of the town, &c.
The evidence here closed; and the defendant, thereupon, moved the court to instruct the jury, to find for him, upon the following grounds:
1. Because, by the act of the legislature, the title to the *456 lots were not rested either in Thomas or the trustees of the town.
A grantor by deed, with special warranty, is competent to prove is execution, if the subscribing witnesses are out of the state, and the deft. does not claim thro' the grantor
In a contest for own lots, both parties claiming under the trustees, the deft is estoped to deny the right of the trustees, or to set up an outstanding title.
2. If the title of Thomas was vested in the trustees, that of May and Tabb was not, and as that is paramount to Thomas’ claim, though not proven to be in the defendant; yet as an outstanding title, it furnished a sufficient cause for the jury to find against the plaintiff.
3. The deed of James M’Nitt, &c conveyed no interest to Gregg—it not having been recorded according to law—but if it conveyed any interest, it was not so proven as to pass the estate of Elizabeth Allin, wife to William Allin. But the court refused to instruct the jury to find for the defendant, as to the whole or any part of the lots—being of opinion that the deed to Gregg, though not sufficiently proven to pass the estate in fee from the feme, yet as it was executed by the trustees and James M’Nitt, it passed to Gregg, such an interest as would authorise a recovery in ejectment. And being also of opinion, that by the act of assembly, the title should be adjudged, in a contest between those claiming through the trustees, to have vested in the trustees
Exceptions were taken, as well to the opinion of the court in admitting in evidence the deed to Gregg, as in refusing to instruct the jury, and the whole of the evidence made part of the record. And the jury having returned a verdict for the plaintiff. Judgment was, thereupon, rendered by the court—and from that judgment M’Clain has appealed to this court.
The assignment of errors questions each of the opinions given by the court in the progress of the trial.
The deed to Gregg was, no doubt, properly allowed to go in evidence to the jury. The subscribing witness appears not to have been within the state; and as the deed contains no warranty against any other person, than those claiming under the grantors, James M’Nitt, cannot have been incompetent to prove its execution in a contest with one not claiming through him.
And with respect to the first and second grounds upon which the instructions were asked, there is as little room to doubt. From the acts regulating the town, it is perfectly clear, the legislature intended to invest the trustees with the title; and it is certainly not competent for those claiming through the trustees, and exhibiting no evidence whatever of title, to contest the power of the trustees to *457 convey, or protect themselves against the title of the trustees, by shewing an outstanding title in others. And in this case both parties are proven to claim through the trustees, and under John M’Nitt, who is shewn to have had title regularly derived from the trustees.
An unrecorded deed passes the title except as to creditors and purchasers.
On marriage the husband acquires an estate for his life on the wife’s lands, and if he sells them, tho’ her inheritance does not pass, (unless the statuate is pursued) yet an estate during her life passes, and grantee may maintain an ejectment.
It was competent, however, for M’Clain to contest the title of Gregg derived through the heirs of John M’Nitt; and the third ground relied on for the instructions, presents the question as to the sufficiency of the deed from the heirs, to convey any title to Gregg; and if any, as it was not executed in the mode prescribed for alienating the inheritance of married women; under the opinion given by the court, the question also occures, as to Gregg’s right to recover the whole of the lots in contest.
That the title of James M’Nitt and William Allin, whatever it was, passed by the deed to Gregg, admits of no controversy. To be valid against creditors and purchasers, the deed should, no doubt, have been proven, and lodged in the proper office, to be recorded within the time prescribed by law; but M’Clain is not proven to be either a creditor or purchaser, and as between the parties to a deed, it has been frequently held, the title passes, notwithstanding the deed may not have been recorded, or lodged with the clerk, for that purposes.
Whether, however, such a title passed to Gregg, as to enable him to recover the whole lots, or a moiety only, turns upon the question, whether or not, a husband, by his deed, can convey such an interest in the inheritance of his wife, as to authorise his vendee to maintain an ejectment; for if he can do so, as Allin appears to have executed a deed purporting to pass the whole of his interest in the lots, the court was correct in refusing to instruct the jury to find for M’Clain as to any part.
By the marriage the husband does not become absolute proprietor of the wife’s inheritance—he gains therein an inheritance, however, during her life—he may receive the profits, and if not in the possession, he may gain possession by entering upon the land-he may leave the land, and for the purpose of trying the title in an action of ejectment, it is sufficient to lay the demise in his name, without joining that of his wife—Run. on Eject. 224—Cro. Ja. 332.
These authorities prove, conclusively, that the husband may convey such an estate in the lands of his wife, as to authorise his vendee to maintain an ejectment, and conse *458 quently, the deed of Allin, the husband, must be construed to pass such an interest to Gregg. The deed it is true purports to pass an estate in fee, an interest greater than it was, possible for the husband to convey; but the circumstance of its importing to convey more, cannot prevent the deed from passing that interest, which it was lawful for the husband to convey.
Bibb for appellant, Crittenden for appellee.
The judgment must be affirmed with cost.