## Hancock *vs* Beverly's heirs.

ERROR TO THE HENDERSON CIRCUIT.

*Fraud. Conveyances. Creditors and purchasers. Heirs and devisees.*

JUDGE MARSHALL delivered the opinion of the Court.

In this action of ejectment the lessors of the plaintiff claimed under a deed, from the patentee Mace Clements,

which had not been recorded until more than thirty five years after its date and acknowledgement. The defendant Hancock, claimed under a deed from Mace Clements the devisee of the patentee, duly recorded before the recording of the prior deed, and the sole question presented is whether, assuming the purchase of Hancock to have been for a valuable consideration and without notice, his deed from the devisee invests him with the title notwithstanding the prior unrecorded deed of the devisor, or protects him against it.

The statute of conveyances (*Stat. Law*, 437–8,) after prescribing a deed as being necessary for the conveyance of estates of inheritance or freehold, or for a longer term than five years, declares that such conveyance shall not be "good against a purchaser for a valuable consideration, not having notice thereof, or any creditor," unless the same be acknowledged and proved and recorded in the manner prescribed by law. The question under the statute is, whether the denunciation of invalidity against the unrecorded deed, operates in favor of any but a purchaser or creditor from the granting party in such deed.

It has always been held that a deed though never recorded is good between the parties, and as to all the world, except creditors and innocent purchasers for value. The grantor in such deed can pass no title to his subsequent donee or devisee, and the law will pass none to his heir, because there was none in him after his conveyance to be passed, but in favor of a creditor or *bona fide* purchaser for value. Does the conveyance of the heir, or donee, or devisee who as such never had title, made to a purchaser for value, and without notice, operate to divest the title conveyed by the the unrecorded deed, and bringing it into another line of conveyances, vest it in subsequent purchasers?

It is argued that the grantor in the unrecorded deed is equally without title after its execution, as his heir or devisee is, and that the heir or devisee, having the same recorded evidences of title in his favor as the original grantor had, and having as much title in fact, there is the same reason for giving effect to his subsequent deed to an innocent purchaser, as for giving effect to that of the original

grantor, and that there is no more absurdity or inconsistency in the one case than in the other. But to give the reservation in the statute any effect whatever, it must be applied to the subsequent purchaser from the original grantor, and certainly protects him. But whether it extends to the purchaser from his heir, or donee or devisee is the very question in issue, and which depends upon construction. The statute obviously and unquestionably destroys the effect of the prior deed in favor of the inno-' cent purchaser from the same grantor. The question is whether because the purchaser from the heir or devisee of the original grantor, may be equally innocent, the statute should be understood as extending to that case.

It is admitted that such an extension would seem to be consonant with the intent of the statute, in giving preference to the recorded evidences of title. But the statute does not declare the general principle, that recorded titles shall prevail; it only declares that unrecorded titles shall not be good as against certain persons. The principle is itself, deduced from the reservation in favor of these persons and is limited by it. The reservation, therefore, must be construed by its own language and objects, and cannot be extended on the ground that the principle would be equally applicable to other cases.

Can the creditor of the heir or devisee who was never the creditor of the ancestor, subject the land conveyed by the prior unrecorded deed of the ancestor? We are certainly inclined to think that he cannot; and, therefore, that the statute intends to protect the creditors of the grantor, in the unrecorded deed, and not the creditor of his heir or devisee or voluntary donee. And if this be so we see no sufficient ground for giving a different construction to the reservation, so far as it operates in favor of purchasers.

But conceeding as we do that the question as an original one is doubtful as well as important, we think it is in effect dicided by this Court in the case of *Ralls* vs *Graham*, (4 *Monroe*, 120,) on the authority of which the Circuit Court refused to instruct the jury in favor of the recorded deed. And as we are not prepared to overrule that case, the opinion of the Circuit Court must be ap-

Can the creditor of the heir or devisee of a grantor, whose conveyance of land has never been recorded, subject the land conveyed, to the prejudice of the grantee in the unrecorded deed —Qu.

Dupuy
ve
Haines.

proved. The question of actual fraud or trust in the prior deed is understood as not being involved.

Wherefore, the judgment is affirmed.

*Grigsby and Powell* for plaintiff: *Morehead & Reed* for defendants.

---

Debt.

*Case* 117.

June 24.

The case stated.