NICHOLAS H. EARLE *vs.* ELIZABETH L. FISKE & another.

Under the Gen. Sts. *c.* 89, § 3, an unrecorded deed is not valid after the death of the grantor, as against one holding by a recorded deed from the grantor's heir, without notice of the former deed.

WRIT OF ENTRY against Elizabeth L. Fiske, (wife of Benjamin Fiske,) and Mary E. Fiske, to recover land in Malden. Writ dated April 14, 1868.  Plea, *nul disseisin.*

At the trial in the superior court, before *Putnam,* J., these facts appeared : Nancy A. Fiske, being owner of the demanded premises, conveyed them to Benjamin and Elizabeth for their lives, and, subject to their life estate, to Mary E. Fiske, by deeds dated April 22, 1864, but not recorded till 1867, and died in 1865, leaving said Benjamin, her son, as her sole heir, and he in 1866 executed and delivered to the demandant a deed of the premises, which was recorded in the same year.  Upon these.

facts, the judge ruled that Nancy A. Fiske " had no seisin, at her death, which would descend to Benjamin Fiske, so as to enable him to convey a good title " to the demandant. Upon this ruling, the demandant, who made no claim to any estate less than a fee simple, submitted to a verdict for the tenants, and ·lleged exceptions.

*J. G. Abbott,* for the demandant.

*R. D. Smith & H. ·H. Sprague,* for the tenants.

AMES, J.   The formalities which shall be deemed indispensa ble to the valid conveyance of land are prescribed and regulated by statute.   A deed duly signed, sealed and delivered is suffi- cient, as between the original parties to it, to transfer the whole title of the grantor to the grantee, though the instrument of con- veyance may not have been acknowledged or recorded.   The title passes by the deed, and not by the registration.   No seisin remains in the grantor, and he has literally nothing in the prem- ises which he can claim for himself, transmit to his heir at law, or convey to any other person.   But when the effect of the deed upon the rights of third persons, such as creditors or *bonâ fide* purchasers, is to be considered, the law requires something more, namely, either actual notice, or the further formality of registra- tion, which is constructive notice.   It may not be very logical to say that, after a man has literally parted with all his right and estate in a lot of land, there still remains in his hands an attach- able and transferable interest in it, of exactly the same extent and value as if he had made no conveyance whatever.   But, for the protection of *bonâ fide* creditors and ·purchasers, the rule has been established that although an unrecorded deed is binding upon the grantor, his heirs and devisees, and also upon all per- sons having actual notice of it, it is not valid and effectual as against any other persons.   As to all such other persons, the unrecorded deed is a mere nullity.   So far as they are con- cerned, it is no conveyance or transfer which the statute recog- nizes as binding on them, or as having any capacity adversely to affect their rights, as purchasers or attaching creditors.   As to them, the person who appears of record to be the owner is to be taken as the true and actual owner, and his apparent

seisin is not divested or affected by any unknown and un-recorded deed that he may have made. Gen. Sts. *c.* 89, § 3.

It is argued, however, that, as the unrecorded deed from Nancy A. Fiske was valid and binding upon herself and her heirs at law, nothing descended from her to her son Benjamin, and he had no seisin or title which he could convey to the plaintiff. A case is cited (*Hill* v. *Meeker*, 24 Conn. 211) in which the su-preme court of Connecticut (Hinman and Storrs, JJ.) in 1855 decided that a deed of land, not recorded until after the death of the grantor, is valid against a purchaser from his heir at law, although such purchaser has no knowledge of the existence of the deed. From this decision the chief justice (Waite) dis-sented, saying, " So far as my researches have extended, this is the first case in the whole history of our jurisprudence, in which it has ever been holden that an unrecorded deed shall defeat the title of a *bonâ fide* purchaser or mortgagee, having no knowl-edge of the existence of any such deed, unless it were recorded within a reasonable time." The cases cited from the decisions of the supreme court of Kentucky are to the effect also that the protection afforded by their registration laws against an unre-corded deed only extend to purchasers from the grantor himself, and not to purchasers from his heirs or devisees. *Ralls* v. *Gra-ham*, 4 T. B. Monr. 120. *Hancock* v. *Beverly*, 6 B. Monr. 531. That court however in a more recent case, decided in 1857, say that, if it were a new question, " and had not been heretofore decided," they should be strongly inclined to give to the statute a liberal construction, and make it operate as a remedy for the whole evil which it was intended to guard against. They add, however, that as the previous decision had become a settled rule of property, it is better that the law should remain permanent, " although settled originally upon doubtful principles." *Harlan* v. *Seaton*, 18 B. Monr. 312.

We do not, under the circumstances, incline to yield to the authority of these cases in the construction of a local statute of this Commonwealth. It appears to us that the plain mean-ing of our system of registration is. that a purchaser of land has a right to rely upon the information furnished him by the

registry of deeds, and in the absence of notice to the contrary he is justified in taking that information as true, and acting upon it accordingly. It is impossible to see why the unrecorded deed of Nancy A. Fiske should have any greater weight or force after her decease than it had immediately after it was first delivered. It could not be any more or less binding on her heir at law than it was upon herself; he was as much the apparent owner of the land as she had been during her lifetime. The manifest purpose of our statute is, that the apparent owner of record shall be considered as the true owner, (so far as subsequent purchasers without notice to the contrary are concerned,) notwithstanding any unrecorded and unknown previous alienation. As against the claim of this plaintiff, the unrecorded deed of Nancy A. Fiske had no binding force or effect, and the objection of the defendants, that in consequence of her having given that deed nothing descended to her son Benjamin from her, is one of which they cannot avail themselves. As a purchaser without notice, the plaintiff is in a position to say that the unrecorded deed had no legal force or effect; that she died seised; that the property descended to Benjamin, her son and sole heir at law. Upon that assumption, his deed would take precedence over the unrecorded deed of his mother, in exactly the same manner as a deed from his mother in her lifetime would have done over any unrecorded or unknown previous deed from herself. The ruling at the trial was therefore erroneous, and the plaintiff's *Exceptions are sustained.*