JUDGE ELLIOTT
delivered the opinion of the court.
On the • 5th day of January, 1853, Lewis Barnett, of the county of Estill, made a deed by which he conveyed a tract of land lying in Estill County to the children of his sons Matthew *458 and Stanton Barnett, and the children of his daughter Barthena Dozier, who was the wife of Joseph Dozier. This deed was never admitted to record in the clerk’s office of the Estill County Court, but was acknowledged before the clerk of that court shortly after it was made. The vendor and his children resided on the land till his death, when his children took possession, and Matthew and Stanton Barnett sold their supposed interest to appellee Stacy, and Joseph Dozier and wife sold their interest to appellee Park. The deeds of the Barnetts and Dozier and wife to Stacy and Park were made after the death of Lewis Barnett by his children and heirs-at-law, and the question now to be decided is, who has the best title — the vendees of Lewis Barnett under the unrecorded deed made in 1853, or Stacy and Park, the purchasers from Barnett’s heirs in 1865 and after his death?
As early as 1820 this court decided that as between the parties to a deed the title passes, notwithstanding it may not have been recorded or lodged with the clerk for that purpose; but to be valid against creditors and purchasers it should be proved and lodged for record within the time prescribed by law. (McClain v. Gregg, 2 Mar. 457.) And in Hancock v. Beverly’s heirs (6 B. Mon. 532) this court decided that a deed, though unrecorded, passes the whole title of the grantor, and none but bona fide purchasers without notice can reap any benefit from the failure of the grantee to place the deed upon record, and in that case it was decided that a purchaser from the heir or devisee of the vendor by unrecorded deed was not protected, and the same had before been decided in Ralls v. Graham (4 Mon. 120). And in Harlan’s heirs v. Seaton’s heirs this court held this language:
“In the case of Ralls v. Graham (4 Mon. 120), and in the case of Hancock v. Beverly’s heirs (6 B. Mon. 531), it was decided that the protection afforded by the statute, against an unrecorded deed, only extends to purchasers from the grantor *459 himself, and not to purchasers from his heirs or devisees, who derived no title from him, inasmuch as it had passed to his grantee before his death, although the deed had never been recorded. This principle having been acted upon, and the decision of other cases which have not been reported having been governed by it, it has become a rule of property by which the rights of parties have been regulated, and should not be departed from or overturned except for the most weighty and important reasons. Regarding this question therefore as settled by previous decisions, the deed executed by the heirs of the patentee can not be relied upon by the defendants to defeat a recovery by those who claim under the unrecorded deed.” (See 18 B. Mon. 326.) This was the rule of law in this class of cases up to the passage of the Revised Statutes, and by section 9 of chapter 24 it is in substance enacted that no deed to realty shall be good against a purchaser for a valuable consideration not having notice thereof, or any creditor unless the same shall be acknowledged by the party who executes the same, or be proved and lodged for record in the proper office as prescribed by law. This section only saves the rights of the purchasers of the grantor where the deed was not properly recorded; but in 1858 the legislature passed the following amendment to section 9, chapter 24 of the Revised Statutes:
“ The provisions of this section (9th) shall extend to and protect innocent purchasers and creditors of the heirs or devisees of' any grantor in such deeds as to the land embraced therein.” (See act of February 10, 1858, 1 Stan. Rev. Stat. 286.)
It will thus be seen that when the appellees Stacy and Park purchased of the heirs of Lewis Barnett, the rule of law had been changed by statute, and they were protected if at the time of their purchase they did not have notice of the unrecorded conveyance by Barnett to his grandchildren.
*460 The deed from Lewis Barnett to his grandchildren was founded upon a sufficient consideration, a part of which, according to the proof, was afterward paid to him.
There can be no doubt but that appellee, Stacy, at the time of his purchase of Barnett’s heirs, had notice of the unrecorded deed to the grandchildren. He admits in his answer that he had notice, and besides Mr. Benton proves that he told appellee Stacy that he was present when the deed was executed and acknowledged before the clerk of the Estill County Court; but there is no evidence that at the time of Park’s purchase from Dozier and wife he had any notice of the unrecorded conveyance of Lewis Barnett to his grandchildren. As Park bought the interest of Dozier and wife, he is entitled to whatever interest they would have inherited if the unrecorded deed had not been made; but as Mrs. Dozier’s children, the appellants, acquired a joint interest in the whole tract with the children of Matthew and Stanton Barnett, they are entitled to their proper share of the balance of the land as joint owners with the children of Matthew and Stanton Barnett, after setting apart to appellee Park such interest as Barthena Dozier would have been entitled to by descent, if Lewis Barnett had made no conveyance in his lifetime. And, as there was no estate conveyed to Matthe'w and Stanton Barnett and Dozier and wife by the unrecorded deed of Lewis Barnett, they are not entitled to a life-estate, or any other interest in the land so conveyed. The appellants will be entitled to have their interest set apart to them on the return of the case.
Wherefore the judgment is reversed, and the- cause remanded for further proceedings consistent with this opinion.