*Moss, for appellant.*

---

J. H. BEASLEY *v.* H. J. HILDEBRAND.

**Conveyance of Real Estate—Recording of Deed.**

It is not necessary that a deed be recorded to invest a grantee with title and where a deed has been signed, acknowledged and delivered the title passes and the destruction of such deed by consent of the grantor and grantee will not reinvest the grantor with title.

APPEAL FROM LOGAN CIRCUIT COURT.

September 4, 1878.

OPINION BY JUDGE COFER:

It is alleged in the answer of Mosely that Scroggins, the execution plaintiff for whose benefit the engine and separator were sold, had no notice of the mortgage to the appellant, and there is no evidence that he had any such notice. Mosely, the purchaser, had

notice, and the question is whether the want of notice to the execution creditor will protect the purchaser at execution sale who had notice of a prior unrecorded mortgage.

This question is conclusively answered by the opinion of this court in *Low & Whitney v. Blinco,* 10 Bush 331. The judgment in favor of Mosely must, therefore, be affirmed.

The question raised between the appellant and Mrs. Combs is more complex, but not more difficult of solution. About March 9, 1875, Mrs. Combs signed and delivered to Hildebrand a deed to 10 1-3 acres of land, but the deed never was recorded or lodged for record. June 14, 1875, Hildebrand executed and delivered to the appellant a mortgage on the land, but the mortgage was not acknowledged until October 6, and was not lodged for record until November 18, of the same year. Between June 14 and October 6, by mutual agreement between Mrs. Combs and Hildebrand, the contract for the sale of the land was rescinded and the deed was delivered to her and destroyed with the intention to reinvest the title in her. These facts are not disputed.

Whether Hildebrand had paid for the land is a disputed question, and it is also uncertain whether, if he had not, the appellant had notice that the purchase money was unpaid; nor does it appear whether a lien was reserved in the deed for any purchase money not paid. The recording of the deed was not necessary in order to invest Hildebrand with the title. The signing and delivery was effectual for that purpose without recording or lodging it for record. *Hancock v. Beverly's Heirs,* 6 B. Mon. 531.

The registration acts do not operate between the parties to deeds, but between the grantee and purchasers from a creditor of the grantor. At the time Hildebrand executed the mortgage he was the owner of the legal title to the land, and his mortgage invested the appellant with all the rights he would have possessed if Mrs. Combs's deed had been recorded.

The subsequent attempt of Mrs. Combs and Hildebrand to reinvest the title in her by the agreement to rescind the contract, and the delivery up and destruction of the deed, were ineffectual as against the mortgage to appellant. It results, therefore, that the rights of the parties are precisely the same they would have been if the deed had been recorded, instead of being destroyed.

In that case the appellant would have had a valid lien under his mortgage. If the purchase money had been paid, his right to sell the land and apply the proceeds to his debt could not have been

questioned. If, on the other hand, the purchase money, or any part, was not paid, and the amount unpaid was recited in the deed, he would still have a valid lien; but it would be subordinate to the lien for the unpaid purchase money. If the purchase money were unpaid, but that fact was not recited in the deed, then Mrs. Combs would have had no lien as against appellant's mortgage debt.

The court therefore erred in dismissing so much of the petition as sought to subject the 10 1-3 acres of land to the satisfaction of appellant's mortgage.

The judgment is to that extent *reversed* and the cause remanded for further proper proceedings.

*R. S. Renier, for appellant.   A. G. Rhea, for appellee.*