## FERRY *v.* BURNELL and others.

*(Circuit Court, D. Kansas. January 8, 1883.)*

1. MORTGAGE—PRIORITY OVER UNRECORDED DEED.

A recorded mortgage of the widow's interest in real estate of which the husband died seized, takes precedence of a prior unrecorded deed made by the husband and wife in his life-time, and of which the mortgagee had no notice.

2. ESTATES OF DECEASED—WIDOW'S PORTION OF REAL ESTATE

   One-half in value of said real estate, secured to the widow by the statutes of Kansas, is equivalent to an undivided one-half before partition made.

3. SAME—AUTHORITY OF WIDOW TO MORTGAGE.

   The widow may mortgage or convey her interest in said real estate, as an undivided one-half, before it is set apart to her by the probate court.

*Rossington, Johnson & Smith*, for complainant.

*Leland J. Webb*, for defendant Ingham.

FOSTER, D. J.   The question involved in this case, which comes up on the complainant's demurrer to defendant Ingham's cross-bill, is one of superior title to a part of the land included in complainant's mortgage.   In July, A. D. 1877, Henry R. Dunham and Fidella Dunham, his wife, (now Fidella Burnell, one of the defendants in this cause,) conveyed to Thomas J. Ingham the W. $\frac{1}{2}$ of the N. W. $\frac{1}{4}$, and lot one in section 17, township 9 S., of range 4 E., in Clay county, by deed of general warranty.   This deed was not recorded until December 31, 1878.   In the mean time Henry Dunham died in September, 1877, leaving his widow Fidella, and two minor children, surviving. In February, 1878, and before the widow's interest in the estate had been set apart, she executed the mortgage in suit herein, and, among other real estate, included in said mortgage an undivided half interest in the real estate before sold to Ingham, which mortgage was filed for record April 6, 1878, being long before the Ingham deed was filed for record, and of the existence of which deed the mortgagee had no notice.   The question is as to priority or better title to the wife's interest in the land in controversy.   The statute of Kansas (chapter 33, § 8) provides as follows:

"One-half in value of all the real estate in which the husband, at any time during the marriage, had a legal or equitable interest, which has not been sold on execution or other judicial sale, and not necessary for the payment of debts, and of which the wife has made no conveyance, shall, under the direction of the probate court, be set apart by the executor as her property in fee-simple, upon the death of the husband, if she survives him."

The recording act (chapter 22, § 21) reads as follows:

"No such instrument in writing shall be valid except between the parties thereto, and such as have actual notice thereof, until the same shall be deposited with the register of deeds for record."

This section is more comprehensive and sweeping than the recording act of 1862.   That provided that the instrument should not be of any validity against *subsequent purchasers for a valuable consideration* without notice, etc.   The present statute makes the deposit of the instrument with the register of deeds essential to its validity as

against parties not having actual notice of its existence. *To all* parties not having such notice, it is invalid and of no effect. There seems to be no way of escaping the conclusion that, so far as this mortgagee is concerned, and as to any rights he may have acquired under the mortgage, the conveyance to Ingham, of which he had no notice, cannot intervene. As to him it had no validity. It is urged by counsel for Ingham that, under the statute of descents and distribution before cited, there was nothing to descend or to set apart to the widow in this land, as she had conveyed all her interest away before her husband's death. As a matter of fact, that is true; so it would have been equally true that Dunham and wife, after the deed to Ingham, had no interest in the land to convey, and yet if they had afterwards made a conveyance of the land to a *bona fide* purchaser having no notice of the Ingham deed, the transfer would have held good. The law conclusively presumes title in such cases to be in the grantor, where the rights of innocent parties are concerned.

There have been several adjudicated cases as to the relative rights of an innocent purchaser of real estate from an heir or devisee, and one holding an unrecorded deed made by the ancestor in his lifetime; and it has been decided in Kentucky and Connecticut (4 Mon. 120; 6 B. Mon. 531; 24 Conn. 211) that the unrecorded deed of the ancestor took precedence of a recorded deed from the heir or devisee of the grantor. They put it upon the ground that the statute only makes void unrecorded conveyances as to subsequent purchasers from the same grantor, and not from his heirs or devisees. That reason would lose much of its force in this case, for this mortgagee holds whatever right he has under one of the grantors in the Ingham deed, and not from an heir or devisee; and, besides, the Kansas recording act does not make the instrument invalid alone as to subsequent purchasers, but to all parties not having actual notice. The cases referred to, however, are overborne by the weight of authority and sound reason. In *Kennedy* v. *Northrup*, 15 Ill. 155, this question is fully discussed by Judge CATON, delivering the opinion of the court, and citing *McCulloch* v. *Endaly*, 3 Yerger, 346, and *Powers* v. *McFarren*, 2 Serg. & R. 44. In the Illinois case the court say: "In case of his [the ancestor's] death, the heir becomes the apparent owner of the legal title, and it is equally important and equally just that the public may be allowed to deal with him as with the original grantor if living." The rule established in the Illinois case has been followed in Missouri. *Youngblood* v. *Vastine*, 46 Mo. 241. If this is true of an heir or devisee who is in no manner a grantor in the unrecorded

deed, and whose signature is not required to divest the grantor's title, *a fortiori* it must be true of the wife, who must have joined in the deed to convey a perfect title, and who could not be deprived of her interest in the land without her consent, except when sold on judicial sale. The statute of Kansas, on the death of the husband, vests the title of one-half in value of all the real estate of which he was seized at his death in the wife, subject, however, to debts existing against the estate. This is a provision for the wife in lieu of dower, and it becomes a vested right on the death of the husband.

The statute says *one-half in value* shall be set apart. What is the widow's interest before it is set apart? I should say it is an undivided one-half. The words "in value" are used in the statute to negative the idea that it might be one-half in area that is to be set off to the widow. From all that appeared on the record, at the time this mortgage was made, Mrs. Dunham was the owner in fee of the undivided half of this real estate, subject to the payment of any debts of the husband not liquidated by the personal estate, and which interest remained to be set apart to her under the direction of the probate court. On this apparent state of facts the mortgagee had the right to act; and I know of no reason why the widow may not convey all her title and interest in the land without waiting until it is divided or set apart to her.

The demurrer to cross-bill must be sustained.