## MEMPHIS LAND & TIMBER CO. v. FORD.

(Circuit Court of Appeals, Eighth Circuit.   October 16, 1893.)

### No. 275.

1. REGISTRY STATUTES—CONSTRUCTION—INNOCENT PURCHASERS.
   A registry statute (Mansf. Dig. Ark. § 671) invalidating, as against subsequent purchasers for value without notice, all unrecorded instruments conveying lands, or "affecting the title thereto in law or equity," applies to assignments of swamp-land certificates, and deeds of the lands represented thereby, although the naked legal title is still in the state. Coleman v. Hill, 44 Ark. 452, distinguished.

2. SAME.
   The protection of such a statute is not limited to bona fide purchasers from the same person who made the unrecorded conveyances, but extends to innocent purchasers from any one who appears from the records to be the owner of the title and interest which such grantor had when he made the unrecorded deed. Ralls v. Graham, 4 T. B. Mon. 120; Hancock v. Beverly, 6 B. Mon. 531; and Hill v. Meeker, 24 Conn. 211,—disapproved.

Appeal from the Circuit Court of the United States for the Eastern District of Arkansas.   Reversed.

Statement by SANBORN, Circuit Judge:

This is an appeal from a decree dismissing a bill brought by the appellant, the Memphis Land & Timber Company, to remove the cloud of the record of certain assignments of swamp-land certificates, and of certain deeds to the appellee, Mary S. Ford, from the title to some 17,000 acres of land in the state of Arkansas, which the appellant claimed to own. The appellee filed an answer in the nature of a cross bill, alleging that she was the equitable owner of the lands, and praying that the appellant be decreed to hold the legal title to them in trust for her. The lands were a part of the grant of swamp lands to the state of Arkansas under the act of congress entitled "An act to enable the state of Arkansas and other states to reclaim the swamp lands within their limits," approved September 28, 1850, (9 Stat. c. 84, p. 519.)   The legislature of the state of Arkansas provided that these lands should be sold by the state land commissioner, and that upon their sale he should issue certificates thereof to the purchaser, which were held to vest the entire equitable estate in the lands in such purchaser, and to entitle him to a conveyance of the legal title from the state upon a surrender of the certificates.

On January 2, 1855, the land commissioner of the state of Arkansas issued such swamp-land certificates of purchase for the lands in question to Q. C. Atkinson. On December .29, 1856, Atkinson and his wife conveyed the land described in these certificates, by deed, to W. G. Ford. On November 12,

1860, Atkinson indorsed a written assignment to the appellee upon each of the certificates, in the form prescribed by the Arkansas statutes, and delivered them to her. On April 17, 1872, W. G. Ford conveyed the land in question, by deed, to the appellee, Mary S. Ford. None of these deeds or assignments were filed for record until the year 1887, and none of the certificates of purchase were presented to the land commissioner until after the purchase by the appellant, hereinafter mentioned.

Meanwhile, Atkinson died, in the year 1864, and R. A. Parker had been duly appointed by the proper court, and was in the year 1883 acting as, receiver of his estate, fully empowered to sell and convey all the interest of said estate, legal or equitable, in lands in the state of Arkansas. The statutes of Arkansas provided that it was the duty of the state land commissioner, "on being furnished with proofs deemed sufficient by him, to issue duplicate certificates of entries made by persons under any of the acts heretofore passed for the entry and sale of the swamp and overflowed lands; and in such cases he shall recite when such entry was made, by whom made, and the fact that such certificate was given by him in lieu of one averred and proved to be lost by such person applying for such duplicate; and in all cases the duplicate shall be deemed, taken and considered, for all and every purpose whatever, as in lieu and cancellation of said original certificate." Mansf. Dig. § 4202. In May, 1883, R. J. Morgan, who was the attorney for the estate of Atkinson, and had all the papers of said estate, and of the estate of his wife, in his possession, made affidavit of the entry of these lands by Atkinson, that he had examined all his papers, that the original certificates could not be found, that he believed that they were lost or mislaid, and asked that the land commissioner issue duplicate certificates in the name of Atkinson. In August, 1883, the Memphis Land & Timber Company, the appellant, examined the records in the office of the recorder in the county in which the lands were situated, and purchased the same of said Parker, as receiver of the Atkinson estate, and paid over $5,000 therefor, without any actual notice of the assignment of the original certificates, or of the conveyance of the lands to any one, by Atkinson, in his lifetime. Parker, as receiver, at the same time assigned and delivered the duplicate certificates to the appellant, and conveyed the lands to it, and in January, 1884, the company surrendered the certificates, and obtained from the land commissioner the deeds of the state of Arkansas to itself for these lands. The company paid a large amount of back taxes, and on the 20th of May, 1884, recorded its deeds, and has since continued to pay the accruing taxes upon the land. In 1887 and 1888, the appellee, Mary S. Ford, first recorded her assignments and deeds, and it is the cloud created by this record that the appellant seeks to remove.

John B. Jones, for appellant.

L. C. Balch and C. S. Collins, for appellee.

Before CALDWELL and SANBORN, Circuit Judges, and THAYER, District Judge.

SANBORN, Circuit Judge, after stating the facts as above, delivered the opinion of the court.

It is necessary to consider but a single question in the determination of this case, and that is, can one who, ever since the year 1860, has held original swamp-land certificates issued by the state of Arkansas, and assignments thereof from the original grantee, and who, ever since the year 1872, has held title by deed to all his interest in the land described in the certificates, but who never recorded any of these title papers until 1887, maintain any claim to an equitable interest in such lands, under the registry laws of the state of Arkansas, as against one who in 1883 purchased, in good faith, for value, and without notice of this claim, from a receiver of the

estate of the original grantee named in the certificates, the apparent title of the estate to the same lands?

The original swamp-land certificates vested in Atkinson, to whom they were issued, the entire equitable estate in the land they described, but left the naked legal title in the state. Coleman v. Hill, 44 Ark. 452. The case just cited is relied on by counsel for appellee in support of their contention, but it has no bearing upon the question here at issue, under the registry laws, because the holder of the original certificate in that case immediately took and continuously held possession of the land described in the certificate, and thus gave notice of his claim to all subsequent purchasers. Atkinson and his wife, by their deed to W. G. Ford on September 29, 1856, in terms, conveyed, with a full covenant of warranty, the land, "the title of which was derived by certificates Nos. 1510 to 1517," (the numbers of their original certificates,) and relinquished to their grantee "all claim" to these lands, which they derived from the state of Arkansas. On November 12, 1860, a written assignment, in the following words, was indorsed on the back of each of the certificates, and signed by Atkinson: "For value received, I hereby assign and transfer to Mary S. Ford, and to her heirs and assigns, all my right, title, interest, and claim to the within-described lands. Given under my hand and seal this 12th day of November, A. D. 1860." The certificates, with these indorsements, were then delivered to the appellee. On April 17, 1872, W. G. Ford conveyed his interest in the lands to the appellee by deed. The statutes of Arkansas provided "that all deeds and instruments of writing for the conveyance of real estate, or whereby such real estate is to be affected at law or in equity," should be acknowledged or proved before a proper court or officer (Mansf. Dig. §§ 656, 657;) that the assignments of swamp-land certificates should be in the form indorsed on these in question, and that every such assignment "shall be witnessed by two respectable subscribing witnesses, and proven or acknowledged in the manner authorized by law for deeds of conveyance," (Id. § 4206;) and that "no deed, bond, or instrument of writing for the conveyance of any real estate, or by which the title thereto may be affected in law or equity, hereafter made or executed, shall be good or valid against a subsequent purchaser of such real estate, for a valuable consideration, without actual notice thereof, * * * unless such deed, bond or instrument duly executed, acknowledged, or proved as is or may be required by law, shall be filed for record in the office of the clerk and ex officio recorder of the county where such real estate may be situated." Id. § 671. It is plain that, as between Atkinson and the appellee, the deeds and assignments she holds had the effect to convey to her the entire beneficial interest—all the equitable estate—in these lands, leaving nothing but the naked legal title in the state for her benefit. Indeed, that they had this effect is the only ground of her claim in this court; but her counsel insist that the registry statutes are inapplicable to these instruments, and that they were not required to be recorded, because they did not convey or affect the legal title to the land. The statutes themselves are a conclusive answer

to this contention. The assignments were expressly required to be acknowledged or proved by the act of the legislature which authorized the transfer of the certificates by assignment. The deeds were required to be acknowledged or proved, because by them real estate was "to be affected  \*  \*  \* in equity," (sections 656, 657, supra,) and both the deeds and the assignments were expressly declared to be void against any subsequent bona fide purchaser for value and without notice, by section 671, supra, because by them the title to the real estate in question might be "affected  \*  \*  \* in equity." Digman v. McCollum, 47 Mo. 372; Insurance Co. v. Shriver, 3 Md. Ch. 381; Bellas v. M'Carty, 10 Watts, 13; Doyle v. Teas, 4 Scam. 202, 252; Powell v. Jeffries, Id. 387, 390; Bishop v. Newton, 20 Ill. 175, 181.

The evidence is conclusive that, before any of the instruments under which the appellee claims were recorded, the appellant purchased, for value, the equitable interest of the estate of Atkinson (who died in 1864) in these lands; that this interest was properly conveyed to it by the receiver; that it presented the duplicate certificates to the land commissioner; and that the company obtained deeds of the lands from the state, and duly recorded them, in good faith, without notice that Atkinson had ever conveyed his equitable estate. It is, however, objected to the title thus obtained by the appellant, that it is only a subsequent purchaser from the same grantor that is protected by the registry statutes, and that a purchaser from the heirs or legal representatives of such a grantor can take no benefit from their provisions. It is not contended that the receiver was not fully empowered to convey all the title and interest in these lands that could have been conveyed by all the devisees under the will of Atkinson and all his creditors, but the argument is that the purchaser from the heir or from the receiver of the estate of a deceased grantor takes only the title or interest of which the deceased died seised; that he buys at his peril; and that as the deceased, in this case, died seised of no interest in these lands, the appellant took nothing by the conveyances of the receiver. This argument is more specious than sound. Many years ago it met the approval of the supreme court of Kentucky in Ralls v. Graham, 4 T. B. Mon. 120, and Hancock v. Beverly, 6 B. Mon. 531, and was adopted by a divided court in Hill v. Meeker, 24 Conn. 211; but the opinion of the dissenting judge in the case last mentioned has since met with general approval. The argument may be used with equal force to entirely annul the statute, and to show that the purchaser from the same grantor takes nothing by a subsequent deed, for it may be said that such a grantor can convey only the title or interest he has, and, as he has none after making his first deed, he can convey nothing, and the subsequent purchaser can take nothing. This argument loses sight of the policy and purpose of the registry statutes. It is the purpose of those statutes to make the title that appears of record—the apparent title—superior, in the hands of an innocent purchaser for value, to the real title that is not of record. The grantor who has conveyed away his land by an

unrecorded deed, it is true, has no title or interest remaining in himself; and yet, his deed to an innocent purchaser for value avoids, by virtue of the registry statute, the prior conveyance, and vests the title in the subsequent purchaser. If Atkinson, before his death, had conveyed his apparent equitable estate in these lands to such a purchaser, the unrecorded deeds and assignments held by the appellee would have been void as against the subsequent conveyance, because that would have carried the apparent title. After he died, and the receiver of his estate was empowered to convey the equitable estate in these lands, which Atkinson appeared to have had at his death, the receiver's deeds or assignments appear, from an examination of the records, to convey as perfect a title as the deed of Atkinson would have conveyed before he died. A purchaser from such a vendor seems to be clearly within the reason and policy of the statute. To deprive him of its benefits, and to compel every purchaser from an estate to take notice of unrecorded deeds and instruments, and the private and secret transactions of the deceased in the lands which he appears by the records to own when he dies, would greatly depreciate the value of every estate in the land, and benefit none but the negligent and careless. The benefits of the statute are not, by its terms, limited to a subsequent purchaser from the same grantor; and such a limitation would, in our opinion, deprive it of much of the efficacy intended to be given to it by the legislature. Undoubtedly, the term "subsequent purchaser," in this statute, does not include a purchaser from an apparent stranger to the title of the grantor in the unrecorded deed; but it does include, not only the purchaser from the grantor himself, but every subsequent purchaser from one who appears from the records to be the owner of, or to be authorized to convey, the title and interest that the grantor had when he made the unrecorded deed. This view is sustained in well-reasoned opinions, and by the weight of authority. Kennedy v. Northup, 15 Ill. 148, 157; Bowen v. Prout, 52 Ill. 354, 357; Youngblood v. Vastine, 46 Mo. 239, 242; Powers v. M'Ferran, 2 Serg. & R. 43, 47; Earle v. Fiske, 103 Mass. 491, 494.

The conclusion we have reached renders it unnecessary to consider whether the duplicate certificates were properly issued by the state land commissioner. Whether they were so or not, the conveyances of the receiver vested in the appellant the apparent equitable interest of the estate of Atkinson in these lands, and the state subsequently conveyed to it the legal title. If no duplicates had ever been issued, the conveyances of the receiver would have entitled the appellant to the deeds from the state, as against the appellee, whose assignments and deeds are made void by the registry statutes; and as she has no equitable estate in the lands, and no legal title, she cannot be heard to assail the title of the appellant.

The decree below is reversed, with costs, and the cause remanded, with directions to enter a decree in favor of the appellant, in accordance with the views expressed in this opinion.