354     Bowen *et al. v.* Prout.     [Sept. T.,

Syllabus.    Statement of the case.

## George Bowen *et al.*

*v.*

## Robert. Prout.

1. Description—*of land in a deed.* In describing lands in a conveyance, no set form of words is required, but only such language as clearly designates the lands conveyed.

2. A deed described the lands conveyed, as follows: " The following tracts or parcels of land, all of which lying and being in the military tract in the State of Illinois, that is to say, the north west ¼ section 27, 11 S. 2 W." following with the numbers of several other tracts, describing them thus: " N. E. ¼ 17, 15 N. 6 E." without the use of the word " section " preceding the quarters. The description of the tracts succeeding the first one was sufficient; the word " section " would be understood, as though it were expressed, before the numerals representing all the other quarters.

3. Prior unrecorded deed—*from the ancestor—its effect upon a subsequent bona fide purchaser from an heir.* A subsequent purchaser, for a valuable consideration, from an heir, without notice of a prior unrecorded conveyance from the ancestor, will be protected in his title as against such prior conveyance.

4. Same—*of one of the heirs as a bona fide purchaser.* And where one of several heirs exchanges, for the interest of his co-heirs in a certain tract of land which they all inherited from their father, his interest in other parcels of land which descended to them in the same way, he will be protected, as a purchaser for a valuable consideration, in his title to the portion so acquired from his co-heirs, as against a prior unrecorded deed for the same. from his ancestor, of which he had no notice.

5. But he could not hold the portion claimed by inheritance, as against such prior unrecorded deed of the ancestor, as he would take such interest as a volunteer.

Writ of Error to the Circuit Court of Bureau county; the Hon. Edwin S. Leland, Judge, presiding.

This was an action of ejectment brought by Prout against. Bowen and another, to recover the undivided three-fifths of the north east quarter of section seventeen, in township number fifteen north, of range six east, in Bureau county.

In one of the deeds in the chain of title sought to be established by the plaintiff, a deed from Jonathan Prout and others to Robert Prout, the description of the lands was as follows: "the following tracts or parcels of land, all of which lying and being in the military tract in the State of Illinois, that is to say, the N. W. ¼ section 27, 11 S. 2 W; N. E. ¼ 21, 10 S. 2 W; N. W. ¼ 24, 8 S. 3 W." and giving a similar description of a large number of tracts, including the "N. E. ¼ 17, 15 N. 6 E."

A trial below resulted in a judgment for the plaintiff. The defendant thereupon sued out this writ of error.

Mr. M. SHALLENBERGER, for the plaintiffs in error.

Mr. MILTON T. PETERS, for the defendant in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of ejectment, brought by defendant in error to recover the undivided three-fourths of a quarter section of land, against plaintiffs in error.

Subsequently, the declaration was so amended as to claim an undivided four-fifths. After a trial was had, and a recovery by defendant in error, a new trial was had, and there was filed a new count, claiming the undivided three-fifths, and Strong was made a defendant. The plea of the general issue was filed to the amended declaration.

On the trial in the court below, defendant in error produced and read in evidence a connected chain of title to the undivided three-fifths of the premises, and the court so found, and rendered judgment in his favor for that portion of the land. The record is brought to this court, and a reversal is asked on various grounds.

It is first objected, that in the deed from Jonathan Prout and others to Robert Prout, the land is described as " N. E. ¼ 17, 15 N. 6 E." Before this description by numerals, it is

stated that the lands conveyed, of which there were a large number of tracts, were situate and being in the " military tract in Illinois." In describing the first tract in the list, this language is employed :   " That is to say, the N. W. ¼ section 27, 11 S. 2 W."   Then follows the numbers of the other quarters, without the use of the word " section " before each. According to the strict rules of grammar, it is believed that the word section would be supplied before the description of each succeeding quarter.   Such would be the understanding of a large majority, if not all persons, who might read the deed.

No doubt can be entertained that the language employed conveys to the mind precisely the same idea as if the word " section " had been written before the numerals 17.   All persons would undoubtedly so understand the description.     In describing lands in a conveyance, no set form of words is required, but such language as clearly designates the lands conveyed.   The cases of *Dougherty* v. *Purdy*, 18 Ill. 208; *Worden* v. *Williams*, 24 Ill. 74, and *Dickenson* v. *Breeden*, 30 Ill. 270, sustain the views here expressed.   This deed was therefore properly admitted in evidence.

It is urged, in favor of reversal, that plaintiffs in error proved an outstanding paramount title in Warren.   It is true, they produced a certified copy of a deed for this land from William Prout, the ancestor of defendant in error, to James Warren, bearing date the fifth of December, 1817, and recorded on the fifth of August, 1862.   The deed of partition, under which defendant in error claims, bears date on the twenty-fourth day of October, 1831, which was duly recorded on the fourteenth day of December of the same year. The question is then presented whether the unrecorded deed from the ancestor of defendant in error, from whom he inherits, constituted paramount title, notwithstanding he received a release of title from the other heirs of his father to this quarter of land.   It is not the question which would have arisen had he derived title directly from his father as his heir.   But in the partition

of the lands owned by his father at his death, he gave other lands, or rather his interest in others, for this. He conveyed his interest in other tracts in exchange for the interest of the other heirs in the list they released to him which embraced this tract. Had they sold this land to a stranger before the deed to Warren was placed on record, for a valuable consideration, no person would·pretend that the title would not have passed, unless notice had been brought home to the purchaser. In this case, defendant in error occupied the same relation to the property as would a stranger, as he gave as valuable a consideration by conveying his interest in other lands in exchange for the title to this, as if he had paid the money or exchanged other lands in which his co-heirs had no interest. He was a purchaser for a valuable consideration, and there is no pretense that he had notice of the prior conveyance by his father. There is no such proof in the record, nor can it be inferred from the fact that he was one of the heirs of William Prout, senior.

In this case, defendant in error did not recover the interest he claimed to have inherited from his father. He could not recover that, as he took that interest as a volunteer, and his father's prior deed, although unrecorded, estopped him from claiming it, unless he had impeached it as a fraud or forgery. *Kennedy* v. *Northup*, 15 Ill. 148. But having paid value by releasing his title to other lands, to his co-heirs, he is a purchaser, as to three-fifths, and, unless he had notice, his claim to protection is as strong and just as though he had not been an heir. He should not be subjected to the loss of his property simply because he was the heir of the grantor. At the time he parted with his title, the deed from his father had been unrecorded for about fourteen years, and it subsequently remained unrecorded for about thirty-one years — such a length of time as would, no doubt, render it impracticable to obtain a further partition or any other restoration to his rights. He answers all the requirements of the statute to claim the

portion he received by the partition as a *bona fide* purchaser. The judgment of the court below must be affirmed.

*Judgment affirmed.*