## SUSAN VAUGHAN v. L. V. GREER.

1. A *bona fide* purchaser from an heir takes the estate as against the holder of an unrecorded deed from the ancestor.

2. Any deed duly recorded is notice to the world of whatever it contains, and no one can claim adversely to such deed as an innocent purchaser.

3. (But the deed purporting to have been executed by the ancestor was proven to be a forgery.)

APPEAL from Leon. Tried below before the Hon. John B. Rector.

This suit was originally trespass to try title, brought by L. V. Greer against Joseph Cates. Cates, the tenant of Susan Vaughan, abandoned the land, and Greer took possession, and changed his action to a suit to remove clouds from his title, and for judgment quieting his title against Mrs. Vaughan's claim.

Greer claimed by purchase on March 14, 1857, from Mary A. Poe and her husband, Judith Poe,—the recitals in the deed being as follows :

" Know all men by these presents, that I, Mary A. Poe, the former wife of Thomas Tilley, deceased, and the only heir and legal representative of the said Thomas Tilley, and I, Judith Poe, the present husband of said Mary A. Poe, all of the county of Nacogdoches, for and in consideration of work and labor done by Lewis V. Greer, in

attending to and locating and perfecting title to the head-right certificate of said T. Tilley, for 1280 acres, and for the further consideration of two hundred dollars to us paid," etc.; conveying the 1280 acres sued for to said Greer.

The land was patented in name of Tilley, who seems to have died in 1844. The land was community property, and his wife, the said Mary A., was his sole heir. The payment of purchase money was proved.

This deed was recorded April 5, 1857.

The defendant set up a deed purporting to have been executed on the second of April, 1855, from Thomas Tilley, the patentee, to Wm. S. Perkins, which was recorded on the seventeenth of May, 1857, and proven to have been a forgery; and deed from Perkins to defendant, recorded July 23, 1859.

The other facts appear in the opinion of the court.

No brief furnished for appellant.

*W. D. Wood*, for appellee, cited Crosby v. Huston, 1 Texas, 23; Grumbles v. Sneed, 22 Texas, 574; Withered v. Boone, 17 Texas, 174; Watkins v. Edwards, 23 Texas, 528; Mitchell v. Pucket, 23 Texas, 573; Berry v. Donley, 26 Texas, 737.

OGDEN, P. J.—This was originally a suit in trespass to try title to a tract of 1280 acres of land, brought by appellee against one Cates. After the institution of the suit Cates, who was the tenant of appellant, abandoned the land and appellee took possession of the same, and then, by an amended petition, changed the character of his action into a suit against appellant to quiet title.

The registration laws would, we think, settle the question of title as between the parties in favor of appellee, if no other question had been presented to the court. It is

pretty clearly established by the evidence that Thomas Tilley, the original grantee of the land in controversy, died in 1844, leaving his widow, Mary A. Tilley, his sole surviving heir, and that the land in controversy, so far as the records disclosed, at the time of the death of said Thomas Tilley, was the community property of the said Thomas and his wife, Mary A. In 1857 Mary A., having intermarried with one Poe, joined by her husband, conveyed the land, for a valuable consideration paid, to appellee, Greer, and the deed was duly recorded in April, 1857, and up to that time and for two years after the records show no adverse claim to the land.

But in 1859 William Vaughan, under whom appellant claims title, purchased of one William S. Perkins, who claimed to be a vendee of Thomas Tilley of the land in controversy; but neither the deed from Tilley to Perkins, nor the one from Perkins to Vaughan, were recorded until 1859, two years after appellee had purchased and paid for the land, with no knowledge whatever of any adverse claim, and had his deed duly recorded.

These facts are sufficient to give appellee the land, and entitle him to an affirmance of the judgment of the District Court in his favor. We do not understand the law to be, as contended for by appellant's counsel, that the records of registration, in order to become constructive notice of a claim, must contain a record of a complete chain of title from or under the sovereignty of the soil. On the contrary, any deed or mesne conveyance, when duly recorded, is notice to the world of whatever it contains, and no one can claim adversely to it as an innocent purchaser without notice.

But it appears to have been proven to the satisfaction of the court and jury that the deed from Tilley to Perkins, under which appellant claims, was a base forgery, purporting to have been executed ten years after the death

of the grantee, and to have been acknowledged before a person as notary public who swears that at the date of the acknowledgment he was not a notary public, nor was he a citizen of the State; that he had never known or seen the grantor, and knew nothing of the conveyance or acknowledgment. With these facts before the jury it is difficult to understand how, with a due regard for their oaths, they could have found any other verdict than they did. And with these facts patent on the record of this case, we have failed to discover any grounds upon which appellant could hope for a reversal of the judgment in her favor.

The judgment of the District Court is, in all things, affirmed.

                                        AFFIRMED.