THORN'S HEIRS v. FRAZER'S HEIRS.

(Case No. 1434.)

COMMISSIONERS FOR TEXAS.— An acknowledgment to a deed, taken before a commissioner of deeds in another state, who was appointed under the statute (Pasch. Dig., 3762), is not affected by the fact that the governor who appointed the commissioner had gone out of office before the acknowledgment was taken. The commissioner once appointed could continue to act as such until he was removed by the governor.

Statement of the case.

2. Evidence.— When there has been a great lapse of time intervening between the execution of a deed and the assertion of rights under it, an adverse claimant of the land will not be held to that full and conclusive proof of his right which would be required under other circumstances.

3. Verdict of jury — New trial.— The finding of a jury upon facts when the evidence is conflicting is conclusive only when the witnesses testifying do so in person before the jury. Then their manner of testifying is proper for scrutiny, and in observing this, the jury possess an advantage which judges cannot have who hear the case on appeal. But when the evidence is contained in a written deposition, the reason of the rule which makes the decision of a jury in its finding on facts conclusive, ceases.

Appeal from Grayson. Tried below before the Hon. Joseph Bledsoe.

Trespass to try title against appellants and Amanda Gearheart to recover the land described in the petition. Appellants and Amanda Gearheart answered by general demurrer and plea of not guilty. Appellees claimed the land by virtue of a patent to the heirs of John S. Thorn, deceased, and deed from David F. and Samuel D. Thorn, as the only heirs of John S. Thorn, to Addison Frazer, from whom they inherited the land. The deed from David F. and Samuel D. Thorn to Addison Frazer was executed May 23, 1860, and recorded July 12, 1876. The appellees claimed through the patent to the heirs of John S. Thorn, and sale and conveyance by Samuel D. Thorn (he being sole heir of David F. Thorn) to E. A. Thorn, and by inheritance from the latter. Amanda Gearheart claimed through the same title and through appellants to Charles I. Evans, and through mesne conveyances from him. The sale and conveyance from Samuel D. to E. A. Thorn was claimed to have been in 1861. The deed, it was alleged, was lost, and a substitution was had of the same in the district court of Hays county in 1874.

Verdict and judgment in favor of appellees against appellants for the half interest in the land claimed by them, and in favor of Amanda Gearheart and against appellees for the half interest claimed by her. Appellants appealed from that part of the judgment against them.

The errors relied on are: 1st. The court erred in admitting as evidence, over their objections, the deed from Samuel D. and David F. Thorn to Addison Frazer. 2d. The verdict of the jury was against the evidence.

*Finlay & Pasco*, for appellants.

No briefs on file for appellees.

WATTS, J. COM. APP.— Robert G. Mitchell, who took the acknowledgment to the deed from Samuel D. and David F. Thorn to Addison Frazer, claimed to and did act as a commissioner for the state of Texas in the state of Georgia. The recitals in the certificate show that he was appointed by H. R. Runnels, governor of this state. Appellants insist that as Runnels' term of office had expired prior to the taking of the acknowledgment, that Mitchell's term had also expired, and that he could not legally exercise the functions of a commissioner.

The statute, after providing for the appointment of commissioners in the several states and District of Columbia by the governor, also provides that the commissioners "shall continue in office during the pleasure of the governor." Pasch. Dig., art. 3762.

While the legislature used the word *office* in that connection, evidently it was not intended that these commissioners should be considered civil officers of this state, as the constitution then in force required all civil officers to reside in the state.

It does not appear when Mitchell was appointed, nor do we think that it is material that it should, for when appointed he continued such until the governor should be pleased to recall the appointment. In contemplation of law the governor is ever existing, and always exercising his pleasure with respect to these commissioners. One incumbent may give way to another, but there is at all times the governor, exercising his pleasure in respect to these commissioners. It is not shown that the governor had in the exercise of his pleasure recalled the appointment of Mitchell, and in our opinion, until this is done, he could legally continue to perform the duties imposed upon him as such commissioner by law.

It is also claimed that the seal with which Mitchell authenticated or attested his act was not such as was prescribed by statute. The act under which Mitchell was appointed and acting did not prescribe the requisites of the seal, but simply required these commissioners to attest their acts with their seals. Article 3771, Paschal's Digest, cited by appellant, relates only to the commissioners in the Choctaw, Chickasaw, Cherokee and Creek Indians, and was enacted after the acknowledgment was taken.

The only remaining question is this: Is the verdict of the jury against the evidence? The only material question before the jury was as to the asserted purchase of the land by E. A. Thorn from S. D. Thorn in 1861. Appellants claimed that their father, E. A. Thorn, did purchase the land from S. D. Thorn in good faith, without notice of the Frazer deed, and paid a valuable consideration

therefor in money. Upon that issue the case must be determined; for if that is true then the Frazer deed must be postponed to them, otherwise their rights are subordinate to that deed.

There was no conflict in the evidence upon that issue, nor was there any evidence adduced upon that issue by the appellees. That offered by appellants was the decree of the district court of Hays county, in a suit by appellants against the unknown heirs of S. D. Thorn, deceased, substituting a deed from S. D. Thorn to E. A. Thorn for the land in controversy. This substitution is very imperfect, as it does not set forth the substance of the lost instrument, but in terms substitutes a deed from S. D. Thorn, conveying to E. A. Thorn the land, a description of which is given in the decree. By agreement it was admitted as recorded in 1880, and if it is to be considered as evidence, it would *prima facie* establish the fact that S. D. Thorn had conveyed the land to E. A. Thorn in 1861. And we are of the opinion that is the effect that should be given to the decree as evidence. Also the deposition of Mansfield, a citizen of the state of Georgia, was adduced by appellants. That witness testified that he was well acquainted with S. D. Thorn; that they were partners in making and selling matches in 1861; that they needed money with which to purchase phosphorus, and S. D. Thorn sold and conveyed the tract of land to E. A. Thorn, and received therefor over $1,000 in money; that he saw the deed after it was signed, and that he was well acquainted with S. D. Thorn's signature, and the latter told him that he had delivered the deed to E. A. Thorn. He also states that the trade was made at their place of business, and that he was present.

Considering the great lapse of time from the execution of the Frazer deed to the assertion of any right under it, appellants will not be held to produce that full and conclusive proof that would have been required had appellees more promptly asserted their claim. The record shows that during the nineteen years that were permitted to elapse before this suit was brought, S. D. Thorn, E. A. Thorn, both of the subscribing witnesses, and all except the one person who knew anything of the transaction between S. D. Thorn and E. A. Thorn, are dead. Time has truly had a telling effect upon the lives of those who participated in and witnessed that transaction. It seems that Mansfield alone is left to attest what was then effected.

So far as shown by the record, his testimony is straightforward and direct. There is nothing in his statements that would indicate that he was a " swift witness." His memory is no better than might

have been expected, considering the nature of the transaction and his connection with it.

We have diligently searched the record, and in vain, to find a single circumstance indicating a want of credibility or that ought to impair the force of the witness' statements. His testimony being by deposition, the jury had no other means for forming an opinion in this respect than what is now before the court.

While we profess great respect for the finding of a jury, and especially where it is based upon the credibility of witnesses and the weight to be given to their statements, still there is a point beyond which juries may, but fortunately seldom go, that cannot receive the sanction of the courts; to do so would be to aid in the perpetration of the greatest injustice.

When the witnesses are before the jury and detail their evidence from the stand, their manner is then subject to the scrutiny of the jury, and for that reason the finding in this respect is considered as conclusive. But where the witness testifies by depositions, the reason upon which that rule is founded does not exist. Henderson v. Jones, 1 Tex. Law Review, p. 356.

Here the positive evidence of an unimpeached witness, testifying by deposition to all the facts necessary to constitute E. A. Thorn an innocent purchaser for value, notwithstanding there is nothing in the record to the contrary, has been arbitrarily disregarded as to appellants, while it is deemed by the jury entirely sufficient to transmit title to those claiming under them. For if the evidence failed to show that E. A. Thorn was an innocent purchaser for value, then no one claiming through him can be so considered as against the Frazer deed.

Samuel D. Thorn inherited an undivided one-half interest in the land from his father, and it may be asserted that he conveyed the other half as heir of his brother, David S. Thorn; that as the latter had, prior to his death, conveyed all his interest to Frazer, there was nothing to descend, and therefore that interest could not pass to E. A. Thorn. It seems that the contrary rule prevails in this state. Taylor v. Harrison, 47 Tex., 454; Vaughan v. Greer, 38 Tex., 530.

The evidence does not affirmatively show that the deed from S. D. Thorn to E. A. Thorn was ever recorded. That was not necessary; no injury could result to Frazer and his heirs on that account. Unregistered deeds are postponed in behalf of subsequent and not prior purchasers.

It seems to us that the evidence adduced by appellants established the three requisite propositions to sustain their defense. First, that

E. A. Thorn was a *bona fide* purchaser of the land. Second, that he purchased without notice, either actual or constructive, of the Frazer deed. Third, that he paid the purchase money. And especially is this true, when the great lapse of time is considered, and there being no evidence offered by appellees to the contrary.

Our report is that the judgment ought to be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered October 30, 1883.]