WHARTON BRANCH v. V. WEISS ET AL.

Decided March 24, 1900.

1. **Innocent Purchaser from Heir.**

One who purchases from an heir in whom the apparent title has been cast by descent is protected by the registry statute against an unrecorded conveyance from the ancestor of which he had no notice, and the rule is not changed by the fact that the purchaser was himself a joint heir and purchased from his coheirs.

2. **Heir as Innocent Purchaser—Registry Statute.**

Under article 4640 of the Revised Statutes, providing that sales and conveyances, as between the parties and their heirs and as to all subsequent purchasers with notice, or without valuable consideration, shall be valid and binding, an heir can not claim, as against the unrecorded deed of his ancestor, any interest in the land by inheritance from the ancestor, but is not precluded from asserting interests which, as an innocent purchaser, he has acquired from his coheirs.

ERROR from Jefferson. Tried below before Hon. STEPHEN P. WEST.

*Greer & Chester,* for plaintiff in error.

*O'Brien, Bordages & O'Brien,* for defendants in error.

GILL, ASSOCIATE JUSTICE.—This was an action of trespass to try title brought by V. Weiss against Wharton Branch and J. F. Lanier for the recovery of 177 acres of land. Branch and Lanier, defendants below, answered by general denial and plea of not guilty. Lanier, as purchaser from Branch under a warranty deed, prayed judgment against Branch on the warranty in case he was cast in the suit.

On trial before the court without a jury, five-sixths of the land sued for was adjudged to plaintiff Weiss, and one-sixth to defendant Lanier. Judgment was also rendered in favor of Lanier against Branch on his warranty pro tanto.

Branch has brought the cause here on writ of error, and seeks a reversal on the sole ground that Weiss, being an heir of Simon Weiss, could not become an innocent purchaser for value of the interests of his coheirs, as against the unrecorded warranty deed of his ancestor.

The facts are as follows: John A. Veatch acquired the land in controversy by grant from the sovereignty of the soil. Simon Weiss acquired the land from Veatch by deed of date November 28, 1839, which was duly registered the same month and year. Simon and Margaret Weiss, at their death, left surviving them six children, one of whom was plaintiff in error, V. Weiss. On December 4, 1888, V. Weiss purchased the five-sixths undivided interest apparently owned by his coheirs and same was conveyed to him by warranty deed, which he placed of record in 1890.

The consideration actually paid was $100 in cash, which was shown to be the full and fair value at the time, and it was affirmatively shown that V. Weiss purchased in good faith, with no knowledge or reason to believe that his ancestor had parted with the title, or that the heirs from whom he bought did not own the land which they had apparently inherited. Shortly thereafter V. Weiss placed a tenant in possession of the land and had a part of it fenced. Later on he himself fenced the remainder for pasture purposes.

On March 1, 1856, Simon Weiss sold the land to Seabin Collins, as was shown by the deed adduced in evidence by Lanier. This deed, though witnessed, was not acknowledged by the grantor, and was not proved or filed for record until September 1, 1894. The grantor warranted against the lawful claims of his heirs and all others claiming under him. It does not appear that either Collins or those claiming under him ever by possession or any overt act asserted title to the premises until after the purchase by V. Weiss.

Lanier connected himself through Branch by mesne conveyances with the title of Collins, but none of the deeds were placed of record until September, 1894, and the title as shown by the record of deeds of Jefferson County was in the heirs of Simon Weiss at the date of plaintiff's purchase from his coheirs.

The findings of fact prepared by the trial court are full and complete and are here adopted.

Article 4640 of the Revised Civil Statutes of this State provides,

among other things, that "sales and conveyances, as between the parties and their heirs, and as to all subsequent purchasers with notice, or without valuable consideration, shall be valid and binding." The article bears upon the subject of registration, and a previous portion of it provides that an unrecorder conveyance shall be void as to subsequent bona fide purchasers for valuable consideration without notice of the unrecorded instrument.

Plaintiff in error contends that under the provisions of this article an heir can not become an innocent purchaser from his coheirs, however ignorant he may be of the existence of the conveyance by his ancestor, and notwithstanding the fact that such want of knowledge induced the purchase for a fair and full consideration. It is urged that he is precluded by force of the fact of his heirship, and that the statute charges such heir with constructive notice of the conveyance by his ancestor.

The contention is not upheld by the terms of the statute, nor do we think the reasons urged in support of it are sound. The reasons which underlie the statute quoted are not expressly disclosed, but appear to us to be easily ascertained. It would be inequitable to permit an heir to urge his title by inheritance as against the conveyance by his ancestor; first, because the heir has parted with nothing of value; and second, because he has in fact inherited nothing. The title is only apparently in him. The innocent purchaser from him is protected on the same theory and to the same extent as if the purchase had been made direct from the ancestor prior to his death, though after the first conveyance.

The exclusion of the heir is not based upon the theory of constructive notice. Plaintiff sued for the entire tract. To one-sixth of it he asserted title as heir of his father. This he could not recover, being precluded by the terms of the statute, and the trial court properly adjudged that interest to Lanier. As to the remaining five-sixths he was not an heir, nor did he sue as such. Of this part he was an innocent purchaser for value in good faith. The consequences of the neglect of those claiming under the unrecorded deed fall as heavily upon him as if he had no kinship or connection with his vendors, in case the contention of plaintiff in error is sound.

He is as innocent of notice as a stranger. His good faith is as absolute. He has parted with full value. A stranger to the inheritance could do no more. The purpose of the statute is evidently to protect the innocent, who have parted with value as a result of the failure of the real owners to take advantage of the registration laws or otherwise to advertise their claims. We can think of no reason for making a distinction between the heir who purchases innocently and in good faith from his coheirs and one entirely unrelated to the ancestor.

It will not be gravely urged that the coheirs, having inherited nothing, could convey nothing, for it has been repeatedly and uniformly held that one purchasing from an heir in whom the apparent title had been cast by descent, would be protected against an unrecorded conveyance from

the ancestor of which he had no notice. Vaughn v. Greer, 38 Texas, 531; Holms v. Johns, 56 Texas, 41, and authorities cited; Thorn's Heirs v. Frazer's Heirs, 60 Texas, 259; Webb, Record of Title, sec. 184.

We are of opinion that as to the five-sixths interest recovered plaintiff was a purchaser and not an heir; that his inheritance of an undivided interest did not charge him with notice of the state of the title as to the remainder. Those claiming under the ancestor's deed have permitted it to remain unrecorded for nearly thirty-eight years, with no possession and no open assertion of title. They are in no position to complain, and are cut off by the explicit provisions of a wise and just law. See Holms v. Johns, supra, pp. 52, 53.

The assignment complaining of the action of the trial court in rendering judgment against plaintiff in error on his warranty can not be sustained. His vendee having lost five-sixths of the land as a result of this suit, he was rightly permitted to recover on his warranty pro tanto.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*