*Modified.*

---

# CHARLESTON.

## BRAGG *v.* WISEMAN.

Submitted February 16, 1904—Decided March 15, 1904.

1.  LIMITATIONS.—*Demurrer to Bill.*
    To sustain a demurrer to a bill on the defense of the statute

of limitations, the facts to warrant that defense must distinctly appear on the face of the bill. (p. 332).  ·

2.  SEISIN IN FACT.

When a bill alleges that a person was "seised and possessed" of land, it *prima facie* imports seisin in fact, not mere seisin in law. (p. 334).

3.  DESCENT OF LAND.

If one die intestate seised in fact of land, that seisin in fact is cast by descent on his heir, and the heir has seisin in fact without entry. (p. 33).

4.  MARRIED WOMAN AS HEIR.—*Curtesy.*

Where one dies intestate seized in fact of an estate of inheritance in land, and one of his heirs is a married woman and dies, she has seisin in fact so as to entitle her surviving husband to curtesy in her share. (p. 333).

5.  COPARCENERS.—*Possession.*

Actual possession of land descended to several heirs by some of the coparceners gives actual possession to a married woman coparcener, so as to entitle her husband to curtesy in her share, though he or she were never in actual possession. (p. 334).

6.  COMMON LAW.—*Statute—Inheritance—Heirs.*

Chapter 78, section 1, Code 1899, changing the common law, passes all and whatever title, right and interest of inheritance in land vested in an intestate to his heirs, including seisin in fact or law, whichever was vested in the intestate. (p. 334).

Appeal from Circuit Court, Fayette County.

Suit by W. W. Bragg against F. J. Wiseman and others. Decree for defendants, and plaintiff appeals.

*Reversed.*

DILLON & NUCKALLS, for appellant

OSENTON & ASHBY, R. J. THRIFT, and A. D. SMITH, JR., for appellees.

BRANNON, JUDGE:

Wiseman died seised of some land, leaving nine children to whom it descended. One of these children, Minerva, married Wriston and by him had four children. Her husband having died Minerva Wriston married Bragg, and in 1891 died, leaving her husband and said four Wriston children. Bragg under claim to curtesy in the one undivided ninth of said land brought a suit

in 1893 in the circuit court of Fayette county against the heirs of Wiseman and the heirs of Minerva Wriston seeking partition of the land so as to have the ninth of Minerva Wriston set apart in severalty. Upon demurrer to the bill it was dismissed, and Bragg appeals.

One reason given to justify the decree on which it is said the circuit court acted, is, that the suit was barred by the statute of limitations. To defeat the right to partition it must appear that there had been ten years of hostile, adverse possession prior to the suit. We cannot find this from the bill. At once upon the death of Minerva Bragg her husband's curtesy vested, and if any presumption is to be indulged, it is that the wife and husband were in actual possession in common with other heirs of Wiseman, and that after her death he so continued; we should presume what seems meant by the bill, that Minerva Bragg was in actual possession along with those heirs of a conceded right in the undivided property, and that a husband lives with his wife. This presumption is as reasonable as the reverse, and is the one to be preferred, because the facts to apply to limitation, must be affirmatively stated or in this case appear. But without indulging in presumption, this bill does not state, or intimate, any adverse possession by other heirs against the Wriston heirs, or by them against Bragg, or that he is not in possession as tenant by the curtesy, or that his right is denied, or that actual possession is withheld from him as tenant by the curtesy. Surely something of that kind should appear from the bill to warrant the application of the statute of limitation. The same facts must appear in the bill which the defendant must state in a plea or answer setting up the statute. Not only does the bill not give such facts, but it negatives them. It avers twice that Minerva Bragg died "seised and possessed" of a one-ninth interest in the land. This imports seisin in fact. At common law livery of seisin means delivery of actual corporeal possession. There may be, it is true, a seisin in law as well as in deed or fact; but where the word is used, it certainly may be taken to mean seisin in fact as well as law. If any distinction is to be drawn, it would first import actual possession. The word "possession" surely means, *prima facie*, actual possession. When, therefore, the bill says that Minerva Bragg was seised and possessed, we must say that it alleges she was in actual posses-

sion.  25 Am. & Eng. Ency. L. (2 Ed.) 253;  2 Bouvier Law
Dic. 702, 975;  2 Blackstone Com. 310;  Tiedeman on Real Prop.
24;  26 Am. & Eng. Ency. L. (1st Ed.) 26, note.  Coke says that
seisin "in the common law signifies possession."  Institutes
153a.  The wife being in actual possession, with her last breath
the law cast it upon her husband, and he succeeded her therein
under his· curtesy estate.  This suit, in fact, is not a suit for
recovery of his curtesy; it is not even suggested by the bill that
it is unlawfully withheld; but it is a suit for partition, and the
curtesy estate is stated only as the title enabling Bragg to call
for partition.

  The appellees also make the point that Bragg does not show a
curtesy estate vested in him, because the bill does not allege that
his wife had seisin in fact during her life.  This presents a
question akin to that mentioned above, but somewhat different,
since to defeat a right by limitation facts giving ground for the
bar must appear, whereas, as to curtesy, the claimant must state
facts giving it to him.  The law requires seisin in fact to give
curtesy, seisin in law not giving it.  *Fullon* v. *Johnson,* 24 W.
Va. 95.  The bill says that Wiseman died "seised and possessed"
of the land.  It does not say in words that he had seisin
or possession in fact.  Is it necessary to expressly aver seisin
in fact?  This puts the question whether when one dies seised in
fact of land his heirs get from him that seisin in fact which he
has, without entry after his death.  I think we may say as to
Wiseman that he had seisin in fact.  Most books speak to the
effect found in 1 Lomax Dig. 5:  "Where a freehold estate is
conveyed to a person by feoffment with livery of seisin, or by
any of those conveyances which derive their effect from the
statute of uses, he acquires a seisin in deed, and a freehold in
deed.  But where a freehold estate comes to a person by act of
law, as by descents, he only acquires a seisin in law, that is, a
right to the possession, and his estate is called a freehold in law.
For he must make an actual entry on the land to acquire a sei-
sin and freehold in the deed."  This seems unreasonable.  Where
the ancestor is not in actual possession, and thus has not seisin
in fact, it is rational to say that his heir has not seisin in fact;
but where the ancestor has seisin in fact, why does it not go by
law to the heir?  Under the doctrine given in Lomax, Coke says
that "if a man dies seised of lands in fee simple or fee taile

general, and they descend to his daughter, who marries, has issue and dies before entry, the husband shall not be tenant by the curtesy; yet in this case the husband had seisin in law. But if she or her husband had entered during her life, he would have been tenant by curtesy." 1 Inst. 29a; 1 Greenl. Cruise 140. But some books do not lay down the doctrine of seisin as quoted from Lomax. 1 Washburn on R. Prop. section 97 says that where the possession is vacant at the ancestor's death, the heir has only seisin in law, and in vol. 3, section 1953, says, "There is a seisin in deed and a seisin in law, and the difference between the two is, that in one case an actual possession has been taken, and in the other there is a right like that of an heir up on descent from his ancestor, while the possession is vacant, before he has made an actual entry." Coke upon Lit. by Coventry, 266b, says that it is only where the ancestor is out of actual possession that descent cast on heirs mere seisin in law. Hilliard on R. Prop. 82, says entry by the heir is not necessary. The prevailing doctrine of the United States is that no actual entry is necessary, either by an heir or grantee, in order to give him a seisin in deed; provided the ancestor or grantor was seised at the time, or the possession was vacant (not in a disseisor), "and the ancestor or grantee had the right." Kerr on R. Prop. section 232.

There is another consideration seeming decisive to show that an heir gets his ancestor's seisin in fact, without entry. By common law in order that one might as heir inherit from another, that other must have had seisin in fact, not mere seisin in law. If the ancestor had no seisin in fact, nothing could be inherited from him, but the estate went from the last person having seisin in fact, under the maxim *seisina facit stip item,* seisin makes or points to the root of descent. 1 Lomax Dig. 586; 2 Minor Inst. 525; 4 Kent 385. But this common law rule was wiped away by the statute of descents of Virginia passed in 1785, saying that "Henceforth, when any person having title to any real estate of inheritance, shall die intestate as to such estate, it shall descend and pass" to certain persons. Such is our Code 1899, chapter 78. Under this statute it is not necessary that there be *conjunctio seisinae et juris,* an union of seisin and title, or both possession and title in a person, to enable his heirs to take from him by descent whatever he has., "The

common law rule *'seisina facit stipitem,'* may now be regarded as abrogated in Virginia, and estates of intestates, whether in possession or vesting title, whether present or reversionary, will all of them descend to the same heir, without any regard to the seisin of the ancestor." Lomax Dig. 594. See 4 Kent section 88. So, whatever title or right a man has descends to his heir. If he has title merely, that descends. If he has title, and under it actual possession, that title and that possession both descend, as possession is a valuable element of title. Therefore, when Wiseman died his actual possession vested in Minerva Wriston and her coparceners, and she had seisin in fact.

But if this were not so, the bill saying that Minerva Bragg died "seised and possessed," it imports seisin in fact. "Seised," if it does not alone mean that the person is in possession, imports title of inheritance, and the two words combined signify that the party is in possession actual of an estate of inheritance. *Seim* v. *O'Grady,* 42 W. Va. 77, tends to support this decision.

And if the other Wiseman heirs were in possession, their actual possession was that also of Minerva Bragg, she being a parcener, and that possession gave Bragg right to curtesy, even if she or he were not on the land. Keer on R. Prop., section 732.

Decree reversed, demurrer to bill overruled, and remanded.

*Reversed.*