ROY HARPER *v*. WALTER MCMILLAN *et al.*

(CC 558)

Submitted October 27, 1936. Decided November 17, 1936.

*Thomas P. Ryan* and *S. P. Bell,* for plaintiff.

Woods, Judge:

This certificate involves the sufficiency of a bill of complaint, a demurrer thereto having been sustained.

The bill avers, among other things, the execution, on December 1, 1923, by one Walter McMillan, of a written contract, whereby said McMillan, in consideration of $100.00 cash, sold, and agreed to convey by apt and proper deed, to G. W. Harper, plaintiff's grantor, one-fourth of all the oil and gas, together with all necessary leasing, mining and operating rights and privileges, as to one-half of the oil and gas within and underlying a certain tract of 151 acres of land in Roane County; that said contract was never acknowledged or recorded; that in the interval between the execution of the contract aforesaid and July 8, 1929, when the deed provided for in said contract was executed and recorded, a number of judgments were secured against McMillan, and the same recorded in the judgment lien docket; and that on December 26, 1930, G. W. Harper executed a deed to the plaintiff herein. The prayer is that said judgments, in so far as they constitute apparent liens upon plaintiff's title, be released and cancelled.

The plaintiff contends that an unacknowledged contract for the sale of land or an interest therein, is not a contract in writing within the meaning of our recording act, but an agreement by parol, and, therefore, so far as the recording act is concerned, must be treated as an oral contract. This theory is advanced on the strength of the doctrine laid down in *Withers* v. *Carter,* 4 Gratt. 407, 50 Am. Dec. 78 (involving a registry law which applied only

to deeds) and a statement from *Jones* v. *Holliday,* 11 Tex. 412, 62 Am. Dec. 487, that: "All contracts are by the law distinguished into agreements by specialty and agreements by parol. If they be merely written, and not specialties, then they are parol."

According to sections 4 and 5, chapter 74, Code 1923: "Any contract in writing * * * made for the conveyance or sale of real estate * * * shall be void as to creditors and subsequent purchasers for valuable consideration without notice, until and except from the time that it is duly admitted to record," etc. In other words, one taking an interest in real estate under such a contract, to protect such interest against the claims of subsequent judgment lien creditors of his grantor must have the said contract recorded. *Anderson* v. *Nagle,* 12 W. Va. 98; *Snyder* v. *Botkin,* 37 W. Va. 355, 16 S. E. 591.

While contracts are by law distinguished into agreements by specialty and agreements by parol, or simple contracts, it is apparent from the use of the words "any contract in writing" that the use of the word "parol" in any of our decisions dealing with the recording acts aforesaid could have reference only to "oral" contracts.

The very nature of plaintiff's interest being such that it could not be taken into actual possession, it behoved the purchaser to either have the contract properly acknowledged, or the signature thereto proven, in order that said interest could be protected by recordation. The statute says "any contract in writing" and not any "acknowledged" contract.

The ruling of the circuit court is affirmed.

*Ruling affirmed.*