J. E. JONES *v.* DOROTHEA GIBSON *et al.*

(No. 8434)

Submitted October 27, 1936.   Decided December 1, 1936.

*Brooks B. Callaghan* and *John D. Alderson,* for appellant.
*Wolverton & Ayres,* for appellee.

WOODS, JUDGE:

This appeal is taken by Ray Trimble, one of the defendants in the court below, from a decree perpetually enjoining said petitioner from cutting and removing certain timber from a defined tract of land; setting aside two deeds to Dorothea Gibson, and a deed from the latter to appellant herein, in so far as said deeds constitute a cloud upon plaintiff's title to said timber; and declaring plaintiff to be the owner of the timber involved.

W. H. Donelson, by a "Contract of an Agreement",

bearing date July 1, 1920, and recorded in Miscellaneous Record Book on October 12, 1932, sold to the plaintiff, J. E Jones, in consideration of $600.00 in hand, the receipt of which was therein acknowledged, "all of his merchantable timber from 12 inches at the stump and up, chestnut 14 inches, and up, being all of the timber that * * * (he) owns on the north side of his land except what is located in his enclosure." The instrument continues: "This boundary of timber runs back on the dividing ridge as far as T. W. Blankenship cut, which he delivered to Gauley River for the Pardee-Curtin Lumber Company. * * * The party of the second part has the privilege of leaving said timber on the said land, as is convenient and practical to him. * * *" The writing was signed by Donelson and Jones, but bore no seal.

Donelson died intestate, in 1926, leaving a widow, Emma Donelson, now Weese, and three children, Dorothea Gibson, Lena Talbert and Osbern Donelson, as heirs-at-law. On April 16, 1931, Lena Talbert and Osbern Donelson, by separate deeds, conveyed, with covenants of general warranty, their respective one-third interests in the land of which their father died seized, "including all timber thereon", to their sister, Dorothea Gibson; and in 1933, Dorothea Gibson conveyed the title, subject to her step-mother's dower interest, "including all timber thereon" to Ray Trimble.

The bill, in addition to the foregoing, charges that Dorothea Gibson, at the time of the transfers to her by her brother and sister, knew of plaintiff's timber interest; and, further, that she and Ray Trimble had confederated and conspired together to defraud the plaintiff; and that Ray Trimble is cutting and removing the timber theretofore purchased by plaintiff.

The position is taken in the answer that the contract is void for indefiniteness; that the heirs-at-law inherited the property free from plaintiff's claim; that said heirs had no notice thereof prior to purchase by Dorothea Gibson of the interest of her brother and sister; that Dorothea Gibson, as to the undivided two-thirds interest of her coparceners, was a purchaser for value

without notice; that Dorothea Gibson first received knowledge of plaintiff's claim in August, 1931; that defendant, Ray Trimble, purchased on January 26, 1933; that there was no confederation or conspiracy to defraud; that widow of Donelson sold Trimble dower on January 26, 1933.

The first contention advanced by the appellant against the correctness of the decree of the chancellor is that the contract is void, because of inadequate description of the land on which the timber stands, i. e., that it does not identify or locate "his land" and *a fortiori,* does not locate "the north side" thereof, and failure of plaintiff, by proof, to show the location of "the dividing ridge" or the point or line on it "as far as T. W. Blankenship cut which he delivered to Gauley River for Pardee-Curtin Lumber Company." This court has repeatedly held that a deed will not be declared void for uncertainty if it is possible, by any reasonable rules of construction, to ascertain from the description, aided by extrinsic evidence, what property it is intended to convey. *Foley* v. *Ruley,* 43 W. Va. 513, 27 S. E. 268; *Simpkins* v. *White,* 43 W. Va. 125, 27 S. E. 361; *Thorn* v. *Pares,* 35 W. Va. 771, 14 S. E. 399. Mrs. Weese (formerly widow of Donelson) identified the tract upon which the timber stood as the same tract on which she and Donelson had resided at the time of his death. Jones, plaintiff, testified to the effect that it was the same. The office of a description is not to identify the land, but to furnish means of identification. So, in the light of the proof, we are of opinion that the description was sufficient, and that the timber involved was, for all intents and purposes, actually located.

The writing, although it bore no seal, was sufficient to, and did, pass the equitable title to the timber to the grantee therein. *Duncan* v. *Duncan,* 104 W. Va. 600, 140 S. E. 689; *Garten* v. *Layton,* 76 W. Va. 63, 84 S. E. 1058.

Appellant's next contention is that any rights acquired by Jones under the contract of 1920 have been lost because of unreasonable delay in removing the timber. Citing, *Williams* v. *McCarty,* 82 W. Va. 158, 95 S. E.

638; *Hill* v. *Vencil,* 90 W. Va. 136, 111 S. E. 478; *Stump* v. *Moore,* 104 W. Va. 513, 140 S. E. 480; *Joyce* v. *Gibson,* 106 W. Va. 221, 145 S. E. 279. Counsel for appellee challenges the applicability of the foregoing cases on the ground that the contracts involved therein contained no specific grant of time in which the timber should be removed whereas, in the instant case, "the party of the second part has the privilege of leaving said timber on the land, as is convenient and practical to him." In other words, it is urged on behalf of Jones that it is not a question of "reasonable time", but a matter entirely within the discretion of the grantee.

In order to convey an estate in perpetuity in standing timber, the deed or contract should manifest an intention to do so in clear and unmistakable language. *Joyce* v. *Gibson, supra.* In view of the last-mentioned case, it is clear that the right of removal in the instant case is not in perpetuity. And not being such, the doctrine of "reasonable time" becomes applicable. What is a reasonable time, according to the decisions, depends upon the facts of each individual case. "It has been held that it cannot be stated as a matter of law that fifteen years is an unreasonable time, when the deed shows an intention not to require the removal of the timber as early as it could be removed in the ordinary course of business." 17 R. C. L. 1089. After a consideration of the evidence, we cannot say that the chancellor has erred in finding that a reasonable time has not elapsed for the removal of the timber.

We now come to the question of the relative equities of plaintiff, Jones, and defendant, Trimble, and whether those of the former are such as entitle him to a cancellation of the deeds heretofore mentioned in so far as his interest to the timber is concerned.

Trimble's claim is based on the assumption that, as to the two-thirds interest in the property of Donelson, Dorothea Gibson was a purchaser for value and without notice, under Code 1931, 40-1-9, and that he, Trimble, as purchaser from Dorothea Gibson, is entitled to stand in her shoes. Citing 27 R. C. L. 684. It is admitted on appel-

lant's behalf that Dorothea Gibson, as to her one-third interest in the estate of her father, was subject to any equities outstanding against her father.

Under chapter 78, section 1, Code 1918, all and whatever title, right and interest in the land passed to and vested in an estate to his heirs, including seizin in fact or law, whichever was vested in the intestate. *Bragg* v. *Wiseman,* 55 W. Va. 330, 47 S. E. 90.

The contract of 1920, although unacknowledged, was a contract within the meaning of our registry act (*Harper* v. *McMillan,* 117 W. Va. 822, 188 S. E. 479, decided this term), and void as to subsequent purchasers for value without notice. And, according to the decisions, an heir, who has no notice of an unrecorded deed or contract given by his ancestor, is likewise protected, in case of a purchase for value of the interest of his coheirs. *Bowen* v. *Prout,* 52 Ill. 354; *Branch* v. *Weiss,* 23 Tex. Civ. App. 84, 57 S. W. 901.

But has Dorothea Gibson been shown to be an innocent purchaser for value without notice? The lower court held not. It appears that at the time she purchased the interest of her brother and sister, the brother knew that Jones had some sort of claim to the timber. She says that she employed an attorney to ascertain if there were any liens against the property, and that such search did not reveal Jones' contract for the timber, the same not yet having been recorded; and that she had the deeds prepared transferring the interests of her brother and sister to her. Each of the deeds purports to transfer with covenants of general warranty all the right, title and interest to the property, "including all timber thereon." Mrs. Gibson says that she "doesn't know" at whose suggestion the words "including all timber thereon" were inserted; that they were all together in Mr. Breckinridge's office. In response to question if Mr. Breckinridge suggested to her that that should be put in the deed on account of the claim of Mr. Jones, she answered "Mr. Jones' name was never mentioned", and that Mr. Breckinridge did not suggest it. The clause "including all timber thereon" of itself was sufficient to put the pur-

chaser on inquiry. If inquiry had been made, her brother was in a position to have given her information regarding Jones' claim. Dorothea Gibson admits that she had knowledge of the claim some few months after the execution of the deeds. Without delineating the evidence further, we are of opinion that there was sufficient evidence, including the close relationship, etc., to impute notice to Dorothea Gibson. Therefore, she is not a purchaser for value, without notice. And, since Ray Trimble admittedly had notice of Jones' claim prior to the deed to him, he cannot assert any claim to the timber sold under the contract of 1920.

The final decree contains an agreement, intended only for the purpose of determining the size of the timber to be removed by plaintiff, in case no appeal is taken, and if taken, the holding of the circuit court is affirmed, that Jones is to have the right to remove all merchantable timber 16-½ inches and up in diameter at the time of removal, and that the same shall be removed within a reasonable time from the date of the entry of said decree.

Perceiving no error in the ruling of the circuit court, we affirm the decree.

*Affirmed.*